IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>          v.<br><br>RAUL MERCADO MORENO,<br><br>                            Defendant. | CASE NO.  1:04-CR-05185–AWI–1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 584) |

    Defendant Raul Mercado Moreno has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government opposes that motion on the basis that the actual drug quantity exceeded 4.5 kilograms of actual methamphetamine – although the Court only made a quantity finding of 4.2 kilograms – and therefore the defendant is not entitled to a reduction. The defendant responds that the Court should consider only the judicially determined quantity and grant the reduction. For the following reasons, the Court will deny the defendant's motion.

## DISCUSSION

    "Section 3582(c)(2) authorizes district courts to modify an imposed 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.

2013) (quoting 18 U.S.C. § 3582(c)(2)). A reduction pursuant to Section 3582(c) is a two-step inquiry. *Dunn*, 728 F.3d at 1155 (citing *Dillon v. United States*, 560 U.S. 817, 825-826 (2010)). First, the court must determine whether the defendant is eligible for a modified sentence pursuant to USSG § 1B1.10. *Dunn*, 728 F.3d at 155. If the first question is answered in the affirmative, the court must consider the applicable § 3553(a) factors to determine whether a reduction is warranted under the circumstances of the case. *Dunn*, 728 F.3d at 1155.

As to the first step, effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.  *See* USSG § 1B1.10(d); 79 Fed. Reg. 44,973. To lower guideline ranges, the Commission added a higher drug quantity category at the top of the list and shifted other categories down two levels. *See* USSG § 2D1.1(c)(1) (2014)

The factual basis articulated in the plea agreement is as follows:

> The defendant knowingly assisted other individuals to extract pseudoephedrine in preparation for making methamphetamine in Stanislaus County in April 2000 and he knowingly possessed chemicals and equipment used to make methamphetamine in Washington State in December 2000.
>
> Thereafter, in 2003 and 2004, the defendant supplied methamphetamine to individuals whom he knew would redistribute it. Specifically, on January 22, 2004, March 31, 2004, April 5, 2004, and May 26, 2004, the defendant distributed methamphetamine to other individuals. In all, the defendant distributed more than 4376.1 grams of methamphetamine in furtherance of this conspiracy. In addition, the defendant managed other individuals who were involved in making methamphetamine and caused them to obtain pseudoephedrine pills in March 2004, and make methamphetamine at a methamphetamine laboratory found by law enforcement on April 12, 2004 in Turlock, California.

Doc. 405. At the time of the plea agreement, a base offense level of 38 was applied to offenses involving 1.5 kilograms or more of actual methamphetamine. *See* USSG 2D1.1(c)(1) (2006). The Court did not need to make a specific quantity determination except to find that the quantity exceeded 1.5 kilograms of actual methamphetamine. For purposes of guideline range calculation, the sentencing court relied on the presentence report and the defendant's admission in coming to a drug quantity finding of 4.2 kilograms of methamphetamine relating to the January 22, 2004, March 31, 2004, April 5, 2004, and

May 26, 2004 distributions. *See* Doc. 584-1 at 7 ("In calculating the guidelines, the total 4.2 kilograms of methamphetamine was distributed by the defendant during the course of the conspiracy.") The sentencing court did not consider the materials recovered from the methamphetamine manufacturing laboratory on April 12, 2004. Law enforcement "conservatively" estimated the laboratory stocked with those materials was "capable of producing 40 pounds [or roughly 18 kilograms] of methamphetamine." Doc. 529-1 at 133.

The Government now asks the Court to determine that the drug quantity amount exceeded 4.5 kilograms of actual methamphetamine. It notes that, although "[t]he Ninth Circuit has not addressed how to proceed on a [sentence reduction] motion where the parties did not attempt to quantify the entire amount of the controlled substance involved," the Seventh Circuit has held that district courts may make new factual findings so long as they are not inconsistent with the original findings. Doc 592 (citing, *inter alia*, *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010); *United States v. Woods*, 581 F.3d 531, 538-39 (7th Cir. 2009)). The defendant responds that the Seventh Circuit cases are inapposite because the courts' quantity determinations in each of those cases was that the drug quantity exceeded 1.5 kilograms of the controlled substance at issue. He argues that because the Court made a specific quantity finding of 4.2 kilograms of methamphetamine in this case that no further judicial determination is necessary. In support of that position, the defendant directs the Court to *United States v. Rios*, 765 F.3d 113. In *Rios*, the Second Circuit, following the Seventh Circuit, explained that additional fact finding was necessary for a crack resentencing where the plea agreement provided that 1.5 kilograms or more was involved in the offense. The court continued, "it would not have been possible to apply the amended Guidelines without making … a quantity finding" because the minimum quantity amount set could fall within two offense level categories. *Rios* largely mirrors the Seventh Circuit cases. In fact, the Court in *United States v. Hall*, 582 F.3d 816, 819 (7th Cir. 2009), considered this exact issue and similarly determined that where, as a result of a subsequent modification of the Sentencing Guidelines, an agreed minimum drug quantity in a plea agreement renders a court unable to determine the appropriate offense level the district court *must* determine the actual quantity. *Hall*, 582 F.3d at 819; *accord United States v. Valentine*, 695 F.3d 665, 670 (6th Cir. 2012) ("If the record … [reflects] that the defendant was responsible for 'at least' or 'more than' a certain amount, then the modification court must make

3

supplemental findings based on the record available to determine if applying the retroactive amendment lowers the guideline range.")

The parties appear in agreement that the Court should only engage in further fact finding if the quantity determination leaves ambiguous the question of the appropriate offense level. If the Court must engage in further fact finding, the Court cannot make a determination that is inconsistent with a determination made at sentencing. *Woods*, 581 F.3d at 538. So long as the Court confines it inquiry to the material available to the sentencing court, *Woods*, 581 F.3d at 538-539, the manner in which the Court determines that quantity and the determination of whether to hold a hearing fall within the Court's "broad discretion in how to adjudicate § 3582(c)(2) proceedings…" *Rios*, 765 F.3d at 138 (citation omitted). *See also United States v. Battle*, 706 F.3d 1313, 1318-1319 (10th Cir. 2013) (holding that the quantity determination must be supported by the facts known to the court at the original sentencing.)

In this case, the plea agreement in this matter begins with largely the same prefatory language – "the defendant distributed more than…." – as *Rios* and the Seventh Circuit cases. The agreement provides that the quantity of actual methamphetamine exceeds 4376.1 grams but does not answer the relevant inquiry: "[h]ow much more?" *Hall*, 582 F.3d at 819.[1] If the quantity is below 4.5 kilograms then the defendant would meet the first step in the sentence reduction inquiry; the appropriate offense level would be 36. *See* USSG § 2D1.1(c)(2). However, if the drug quantity exceeds 4.5 kilograms, the defendant's offense level would remain 38 and he would not be eligible for a reduction. *See* USSG § 2D1.1(c)(1). For that reason, the Court must make a determination as to whether the quantity of actual methamphetamine exceeds 4.5 kilograms.

Considering the conservative estimate that approximately 18 kilograms of actual methamphetamine could have been produced with the methamphetamine solution found at the methamphetamine laboratory (Doc. 529-1 at 133) discovered on April 12, 2004, and that the defendant admitted involvement with that facility (Doc 405), the drug quantity attributable to defendant exceeds 4.5 kilograms of methamphetamine.

---

[1] The defendant seems to take the sentencing court's mention that, "[i]n calculating the guidelines, [it considered that a] total of 4.2 kilograms of methamphetamine was distributed during the course of the conspiracy," as a determinative finding of maximum quantity.  Doc. 584-1 at 7:16-19. This Court does not read that line as a conclusive determination of drug quantity, especially in light of the "more than" language of the plea agreement and the additional chemical quantity not discussed at sentencing but noted in the presentence report.

1    The sentencing range applicable to the defendant has not been lowered by the United States Sentencing Commission pursuant to Amendment 782.  The defendant's base offense level remains level 38. *See* USSG § 2D1.1(c)(1). Where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) The defendant is not eligible for a reduction in sentence.

## I.    ORDER

IT IS HEREBY ORDERED that the defendant's motion pursuant to Section 3582(c)(2) is DENIED.

IT IS SO ORDERED.

Dated:   November 3, 2015                                     _____
                                                              SENIOR DISTRICT JUDGE