# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAUL MERCADO-MORENO,**<br>**Petitioner,**<br>v.<br>**UNITED STATES OF AMERICA,**<br>**Respondent** | **CASE NO. 1:04-CR-5185 AWI-1**<br><br>**ORDER ON PETITIONER'S 28 U.S.C. § 2241 PETITION**<br><br>(Doc. No. 616) |

On March 16, 2006, pursuant to a plea bargain, Petitioner pled guilty to violation of 21 U.S.C. §§ 2, 841, and 846, conspiracy to manufacture, distribute, and possess methamphetamine. See Doc. Nos. 403, 405. On January 22, 2007, Petitioner was sentenced to a term of 210 months in custody and 60 months of supervised release. See Doc. Nos. 496, 501. It appears that Petitioner's projected release date is July 19, 2019, although there is a detainer on Petitioner.

On June 7, 2019, Petitioner filed a motion under 28 U.S.C. § 2241 seeking application of the First Step Act. See Doc. No. 616. Petitioner contends that with the application the First Step Act's good time credits, his release date passed in May 2019. See id.

On June 10, 2019, the Court ordered the United States to file a response. See Doc. No. 617. On June 25, 2019, the United States filed an opposition to Petitioner's petition. See Doc. No. 618.

On July 2, 2019, Petitioner filed a reply. See Doc. No. 619.

*Discussion*

The Court cannot find that relief is appropriate. At the time Petitioner filed his petition, he

was (and remains) incarcerated in Natchez, Mississippi. However, the district court that encompasses the petitioner's place of incarceration is the proper court for a § 2241 petition. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("[A] § 2241 petition *must* be filed in the district where the petitioner is in custody.") (emphasis added); Hernandez v. Campbell, 204 F.3d 861, 865 (9t h Cir. 2000) ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court (here, the Eastern District), even if the § 2241 petition contests the legality of a sentence by falling under the savings clause. . . . If [the] petition falls under the savings clause so as to be a petition pursuant to § 2241, then only the Eastern District has jurisdiction."); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) ("Any habeas petition in this case must be addressed to the district court in the district where appellant is confined."); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) ("Because Brown is confined in the federal penitentiary in Leavenworth, Kansas, any complaints he has against the parole authorities must be addressed to the district court in the district of his confinement."). Therefore, this Court lacks jurisdiction over Petitioner's § 2241 petition.[1]

Petitioner indicates that the Court should transfer this case and grant him an interim release.[2] The Court finds that it is not in the interest of justice to grant either of these requests.

First, Plaintiff is subject to a detainer, presumably by ICE. The presence of the detainer strongly counsels against an interim release.

Second, § 102(b)(1) of the First Step Act provides *inter alia* for an increase of good time credits up to 54 days for each year of the imposed sentence. Section 102(b)(2), entitled "Effective Date," reads that "amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under

---

[1] Petitioner admits that he has not exhausted administrative remedies. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1046 (9th Cir. 2012). Petitioner argues that pursuing his administrative remedies would be futile for three reasons. However, because Petitioner has filed his petition in the wrong court, and because the relief he quests under the First Step Act is unavailable (as discussed *infra*), the Court need not address Petitioner's futility argument.

[2] Petitioner cites two Ninth Circuit cases in which transfers were accomplished through 28 U.S.C. § 1406. In relevant part, § 1406 provides that, if venue is not proper, the district court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

2

subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." Section 102(b)(2)'s reference to "this subsection" clearly encompasses § 102(b)(1). Therefore, as this Court has previously held, the 54 day good time credit increase is not yet effective, and will not be effective until about July 19, 2019. See Turnquist v. United States, 2019 U.S. Dist. LEXIS 41857 (E.D. Cal. Mar. 14, 2019)[3] (citing United States v. Watts, 2019 U.S. Dist. LEXIS 38020, *3-*4 (N.D. Ill. Mar. 11, 2019)). Other courts have reached the same conclusion. E.g. United States v. Morales, 2019 U.S. Dist. LEXIS 109359, *1-*2 (D. Ariz. June 27, 2019); United States v. Sarachandran, 2019 U.S. Dist. LEXIS 109104, *3-*5 (E.D. N.Y. June 20, 2019); United States v. Yates, 2019 U.S. Dist. LEXIS 68229, *6-*7 (D. Kan. Apr. 23, 2019) (and cases cited); Christopher v. Wilson, 2019 U.S. Dist. LEXIS 66020, *3 (N.D. Tex. Apr. 18, 2019); Schmutzler v. Quintana, 2019 U.S. Dist. LEXIS 26433, *4 (E.D. Ky. Feb. 20, 2019). It is quite telling that Petitioner cites no cases that have accepted his interpretation of the First Step Act. Given the plain language of the First Step Act, as well as the overwhelming weight of authority that rejects Petitioner's position, the Court will not stray from its conclusion in *Turnquist*. Petitioner is ineligible for the First Step Act's 54 day good time credit because that provision is not yet in effect. Given that Petitioner seeks relief under a provision of the First Step Act that is not in effect, neither an interim release or a transfer (or any other relief) is warranted or "in the interests of justice."

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, Petitioner's motion for habeas corpus relief (Doc. No. 616) is DENIED.

IT IS SO ORDERED.

Dated:  July 3, 2019

_____
SENIOR DISTRICT JUDGE

---

[3] The Court notes that *Turnquist* is currently pending before the Ninth Circuit on an expedited appeal.

3